UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
DIANE C. REID,                                              Chapter 7
        DEBTOR                                   Case No. 04-20319-WCH

_____

MEMORANDUM OF DECISION

I. INTRODUCTION

The matter before the Court is Diane C. Reid's (the "Debtor") motion to reopen her bankruptcy case for the purpose of commencing an adversary proceeding to enforce the discharge injunction against a tort claim that was settled pre-petition. For the reasons set forth below, I will enter an order denying the Debtor's motion.

II. BACKGROUND

The Debtor owned the vehicle involved in a traffic collision on January 31, 2003, which resulted in the death of Patrick M. Chui (the "Collision"). The Debtor had motor vehicle liability insurance with policy limits of $100,000 per claim from Amica Mutual Insurance Co. ("Amica"). Amica's senior claims supervisor, William N. Lamb, Jr., investigated the Collision and entered into negotiations with Lawrence M. Siskind, the attorney representing Patrick M. Chui's estate (the "Estate"), to settle all claims arising out of the Collision. In July, 2003, the parties reached a settlement agreement, whereby Amica agreed to pay the Estate the full $100,000 policy limit in exchange for releasing the Debtor from liability for all claims arising out of the Collision. On August 18, 2003, Daniel Chui, Administrator of the Estate, signed a Release and Settlement of Claim

(the "Release") reciting the July, 2003 settlement terms. On August 22, 2003, Mr. Siskind forwarded the Release to Amica, and following receipt of the Release, Amica disbursed the $100,000 settlement amount to the Estate. Mr. Lamb informed the Debtor of the settlement agreement and provided her with a copy of the Release.

On December 21, 2004, the Debtor filed for Chapter 7 bankruptcy relief. She did not list the Estate as a creditor on her schedules. The Debtor received a discharge on April 13, 2005, and her case was closed on August 8, 2005. Following the Debtor's discharge, on January 30, 2006, Natalie Bernardo, successor Administrator of the Estate, (the "Creditor) filed a complaint in Barnstable Superior Court, seeking monetary damages for claims arising out of the Collision on the grounds that the Release is unenforceable. The Debtor answered the complaint, setting forth, *inter alia*, the affirmative defense of discharge in bankruptcy.

On July 22, 2008, the Debtor filed a motion to reopen her bankruptcy case to commence an adversary proceeding to enforce the discharge injunction. On August 15, 2008, I held a hearing on the matter at which counsel for both the Debtor and Creditor were present. At the conclusion of the hearing, I took the matter under advisement and gave the parties 30 days to file briefs. The Debtor filed a memorandum in support of her motion to reopen on September 11, 2008. Despite the Creditor's request for an opportunity to oppose the Debtor's motion, the Creditor did not file a memorandum in opposition.

### III. POSITIONS OF THE PARTIES

The Debtor seeks to reopen her bankruptcy petition for the purpose of commencing an adversary proceeding to enforce the discharge injunction against the Estate. In her motion to reopen, the Debtor argues that any potential debt owed to the Estate is pre-petition, as the Collision occurred

almost a full year before she filed her bankruptcy petition, and as such, was discharged. Without citing legal authority, the Debtor argues that lack of notice to the Estate of both her bankruptcy filing and the opportunity to file a proof of claim is immaterial to a determination on dischargeability because there were no assets distributed in her Chapter 7 case.

As any potential debt owed to the Estate would rest on tort liability, the Debtor argues that the Estate cannot rely on any of the exceptions to discharge under 11 U.S.C. § 523(a), noting that the Collision did not involve the type of intentional conduct anticipated by the 11 U.S.C. § 523(a)(6). Further, the Debtor maintains that she acted in good faith when did not list the Estate as a creditor on her bankruptcy schedules because Mr. Lamb informed her of the settlement agreement, causing her to believe that no debt existed.

Because the Creditor did not file an objection or memorandum in opposition to the motion to reopen, it is unclear what the Creditor's position is with respect to this matter.

## IV. DISCUSSION

Pursuant to 11 U.S.C. § 350(b), "a [closed bankruptcy] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." The decision to reopen a case is within the sound discretion of the bankruptcy court.[1] "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings."[2] The moving party has the burden of demonstrating sufficient

---

[1] *In re Crocker*, 362 B.R. 49, 53 (BAP 1st Cir. 2007) (*citing In re McGuire*, 299 B.R. 53, 55 (Bankr. D.R.I. 2003)).

[2] *Id.* (*citing In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991)).

grounds to justify reopening the case.[3]

In deciding whether to reopen a case, bankruptcy courts may consider a variety of factors, such as:

> the length of time that the case was closed ...; whether a nonbankruptcy forum, such as state court, has the ability to determine the issue sought to be posed by the debtor ...; whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post bankruptcy, of the parties; whether any parties would be prejudiced were the case reopened or not reopened; the extent of the benefit which the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened.[4]

Of particular relevance here is whether the Debtor would be entitled to any relief if her bankruptcy case is reopened, or more specifically, whether the Debtor would be entitled to enforce the discharge injunction against the Estate.

Under the discharge provision of 11 U.S.C. § 727, a debtor is discharged from "all debts that arose before the date of the order for relief. . . ."[5] As a fundamental matter, a "debt" means "liability on a claim," and a "claim" means "right to payment. . . ."[6] Thus, a debt must exist for it to be discharged. Here, no debt to the Estate existed at the time the Debtor received her discharge, nor does one exist now. The state court will consider whether the release is valid; if it so finds, this matter ends. If, however, the state court finds that the Release is unenforceable, and that a claim does and did exist, I may reconsider the Debtor's motion to reopen. Until then, there would be no relief to provide the Debtor if I reopened her case.

---

[3] *Id.*

[4] *Id.*

[5] 11 U.S.C. § 727(b).

[6] 11 U.S.C. § 101(12); 11 U.S.C. § 101(5).

## V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order denying the Debtor's motion to reopen without prejudice.

_____
William Hillman
United States Bankruptcy Judge

Dated: October 3, 2008